CASE NO. 22-10318

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

### REGINA NACHAEL HOWELL FOSTER,
**Appellant,**

**v.**

### AREYA HOLDER AURZADA, et al.,
**Appellees.**

---

On appeal from the United States District Court for the Northern District of Texas, Fort Worth Division, Civil Action No. 4:20-cv-01277-P (Hon. Mark T. Pittman)

---

## UNOPPOSED MOTION TO INTERVENE OR ALTERNATIVELY, TO DESIGNATE OR ADD APPELLEES

---

Todd Hoodenpyle
Texas State Bar No. 00798265
hoodenpyle@singerlevick.com
Michelle E. Shriro
Texas Bar No. 18310900
mshriro@singerlevick.com
**SINGER & LEVICK, P.C.**
16200 Addison Road, Ste. 140
Addison, Texas 75001
Telephone: (972) 380-5533
Facsimile: (972) 380-5748
**ATTORNEYS FOR AREYA HOLDER AURZADA, TODD HOODENPYLE, MICHELLE SHRIRO and SINGER & LEVICK, PC**

Areya Holder Aurzada (the "**Trustee**"), Todd Hoodenpyle ("**Hoodenpyle**"), Michelle Shriro ("**Shriro**") and the law firm of Singer & Levick, PC ("**Singer & Levick**") (collectively, the Trustee, Hoodenpyle, Shriro and Singer & Levick are referred to herein as the "**District Court Appellees**") (Hoodenpyle, Shriro and Singer & Levick are referred to herein as the "**Proposed Intervenors**") file this Unopposed Motion to Intervene or Alternatively to Designate or Add Appellees and would show in support thereof:

1.     On July 2, 2012, Regina Nachael Howell Foster ("**Debtor**" or "**Appellant**") filed in the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**") a voluntary petition under Chapter 7 of the Bankruptcy Code.  The Trustee was appointed as the Chapter 7 Trustee of the Debtor's bankruptcy estate. The Trustee retained the law firm of Singer & Levick to assist her with her duties as Trustee and Shriro and Hoodenpyle are the lawyers at the law firm who have handled the Foster bankruptcy case for the Trustee.

2.     After many years of litigation in the bankruptcy case, on September 27, 2018, the Bankruptcy Court entered the *Order Approving Trustee Report and Discharging Trustee*.  On September 27, 2018, the Bankruptcy Court closed the bankruptcy case, and the Chapter 7 Trustee was discharged.

3.     On November 7, 2019, the Debtor filed a new Complaint (the "**Complaint**"), which is the subject of the removal in the 153rd Judicial District

Court of Tarrant County, Texas (the "**State Court**") in which she sued all four of the Appellees along with Carlos Foster and SAI Reed Properties, Inc. alleging conspiracy and interference with the original divorce proceeding.  On December 4, 2019.  The Appellees filed their *Emergency Motion to Reopen Bankruptcy Case for a Limited Purpose so that the State Court Action Can be Removed and This Court Can Consider Dismissal and Imposing Sanctions Against the Debtor* in the Bankruptcy Case (the "**Motion To Reopen**").  At a hearing on December 12, 2019, the Bankruptcy Court granted the District Court Appellees' Motion To Reopen for the limited purpose of considering claims against the District Court Appellees, which arose during the time that the Trustee was administering the estate.

4.     On December 17, 2019, the District Court Appellees filed their Notice of Removal of the Complaint and removed the Complaint to the United States Bankruptcy Court for the Northern District of Texas where it was designated as Adversary No. 19-04131.

5.     On December 26, 2019, the Debtor filed two different motions to remand—one based on timeliness and the other based on lack of subject matter jurisdiction.  On October 14, 2020, the District Court Appellees filed two different objections responding to each motion.

6.     On October 15, 2020, the Bankruptcy Court issued its *Memorandum Opinion* and accompanying *Order Denying Motion to Remand for Untimely Removal* (the "**ODR on Basis of Timeliness**") and its *Order Granting In Part and Denying In Part, Motion To Remand For Lack of Jurisdiction* (the "**ODR on Basis of Jurisdiction**")(collectively, the ODR on Basis of Timeliness and the ODR on Basis of Jurisdiction are collectively referred to as the "**Orders Denying Remand**") in which it denied both motions to remand and determined that: a) the Notice of Removal was timely filed; b) the Bankruptcy Court had subject matter jurisdiction over the Complaint and c) the Debtor's requests for mandatory abstention and permissive abstention were denied as well.

7.     On November 23, 2020, the Debtor filed a notice of appeal (the "**Appeal**") of the Orders Denying Remand with the Bankruptcy Court.  All four of the District Court Appellees including the Trustee along with Hoodenpyle, Shriro and Singer & Levick actively participated in the appeal as appellees and filed the Appellee Brief with the United States District Court.

8.     A Memorandum Opinion and Order was entered by the United States District Court on January 18, 2022 which affirmed the rulings of the Bankruptcy Court.  A Final Judgment was also entered on January 18, 2022.

9.     Appellant filed a Motion for New Trial on February 2, 2022.

10.    The District Court Appellees jointly filed their Limited Response to Appellant's Motion for New Trial on February 17, 2022.

11.    The Court entered an Order Denying Appellant's Motion for New Trial on March 14, 2022.

12.    On March 28, 2022, Appellant filed her Notice of Appeal.

13.    The Memorandum Order dated January 18, 2022 is the subject of the instant appeal.  Although all four of the District Court Appellees participated as defendant parties in both the underlying Adversary Proceeding before the Bankruptcy Court and as appellees in the appeal in the District Court, only the Trustee is designated as an appellee in the appeal before this Court.  Although it is unknown why the other District Court Appellees are not listed as appellees in this appeal, it may be because the District Court listed only the Trustee as an appellee in its Memorandum Opinion and Order.  Despite the active participation of Hoodenpyle, Shriro and Singer & Levick as appellees in the appeal before the District Court, none of them were listed as an appellee in this appeal , which necessitated the filing of this Motion.

14.    Shriro, Hoodenpyle and Singer & Levick (the "Proposed Intervenors") request that they be allowed to intervene in this appeal in order to protect their interests and to file an appellee brief.  The Proposed Intervenors have standing because they are all defendants in the original Complaint which was removed to the Bankruptcy Court. The Proposed Intervenors were all parties along with the Trustee to the objections to

the two different motions to remand filed by the Appellant--the denial of which led to the appeal in the District Court and are the subject of this appeal.  In this appeal, the Appellant seeks to overturn the ruling of the District Court affirming that  a) the Notice of Removal was timely filed; b) the Bankruptcy Court had subject matter jurisdiction over the Complaint and c) the Appellant's requests for mandatory abstention and permissive abstention were denied as well.  If the Appellant were to prevail, then the Proposed Intervenors would be impacted because they are defendants to the underlying Complaint.  In addition, there is a related appeal pending before this court which involves the same Adversary Proceeding and deals with another order of the District Court affirming the Bankruptcy Court's dismissal of the underlying Complaint.[1]  The Proposed Intervenors are designated as appellees in that appeal. Accordingly, the Proposed Intervenors should be allowed to intervene in order to protect their rights.

15.    The Proposed Intervenors request that the Court grant this Motion and grant them the opportunity to file a brief in response to Appellant's brief.

WHEREFORE, Michelle Shriro, Todd Hoodenpyle and the law firm of Singer & Levick, PC requests that the Court grant this Motion to Intervene or Alternatively, To Designate or Add Appellees and grant the Appellees such other and further relief to which she may be entitled.

---

[1] See Case No. 22-10310 pending before this Court.

6

Respectfully submitted,

**SINGER & LEVICK, P.C.**

By:    /s/  *Michelle E. Shriro*
         Todd Hoodenpyle
         Texas State Bar No. 00798265
         hoodenpyle@singerlevick.com
         Michelle E. Shriro
         Texas Bar No. 18310900
         mshriro@singerlevick.com
         16200 Addison Road, Ste. 140
         Addison, Texas 75001
         Telephone: (972) 380-5533
         Facsimile: (972) 380-5748

         **ATTORNEYS FOR AREYA
         HOLDER AURZADA, TODD
         HOODENPYLE, MICHELLE
         SHRIRO and SINGER & LEVICK,
         PC**

<u>**CERTIFICATE OF CONFERENCE**</u>

I hereby certify that I conferred, via electronic mail, with Appellant Regina Nachael Howell Foster on May 13, 2022 regarding the merits of the Motion to Intervene or Alternatively, to Designate or Add Appellees. Appellant is unopposed to the relief requested.

         /s/ Michelle E. Shriro
         Michelle E. Shriro

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District and upon the parties listed below via the means indicated on this, the 17th day of May, 2022.

**VIA E-MAIL: rnachael@gmail.com**
Regina Nachael Howell Foster, *pro se*
2209 Murphy Drive, Apt. 1825
Bedford, Texas 76021

/s/ Michelle E. Shriro
Michelle E. Shriro